**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| VERNICE NEWTON<br>446 West Shields Street<br>Newark, Ohio 43055,<br><br>　　　　Plaintiff,<br>　v.<br><br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>c/o National Registered Agents, Inc.<br>145 Baker Street<br>Marion, Ohio 43302,<br><br>　　　　Defendant. | ）Case No: 2:12-cv-698<br>）<br>）JURY DEMAND REQUESTED<br>）<br>）**VERIFIED CIVIL COMPLAINT**<br>）**(Unlawful Debt Collection Practices)** |

### VERIFIED COMPLAINT

　　　　PLAINTIFF VERNICE NEWTON (Plaintiff), by his attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Newark, Licking County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a Virginia corporation and a debt collector with an office in Norfolk, Virginia.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Beginning in November or December 2011 and continuing into March 2012, Defendant placed repeated collection calls on a two or three time per week basis to Plaintiff in an attempted to collect upon an alleged debt. Defendant places calls from telephone number 401-921-2537. Plaintiff receives these calls at telephone numbers: 757-961-3544; 740-624-5426; and 740-348-5016.

11. Plaintiff estimates he has spoken to Defendant approximately 12 times. Defendant informs Plaintiff it is calling on an alleged Mastercard credit card debt from

approximately 1993.  The alleged debt is believed to be beyond the statute of limitations, and Defendant failed to apprise or inform Plaintiff that under Ohio law making a payment on this debt could restart the statute of limitations and make the Plaintiff legally liable for the debt.

12. Plaintiff believes that he does not owe the debt.  Plaintiff has informed Defendant that he believes he does not owe the debt and requested written verification.  Plaintiff recalls orally requesting verification in November or December 2011; January 2012; and March 2012.

13. Plaintiff has never received any written verification of the debt despite his repeated requests.  Plaintiff also never received any written initial communication from the Defendant after he was first contacted.

14. Defendant's repeated calls, including to Plaintiff's cell phone, despite Defendant's failure to validate or verify the debt after being informed Plaintiff disputes it, evidence that Defendant called Plaintiff with the intent to annoy or harass Plaintiff as the recipient.

15. Defendant's failure to inform the Plaintiff that a payment on a debt beyond the statute of limitations could have the effect of restarting the statute of limitations and could make Plaintiff subject to legal consequences was false, misleading, or otherwise deceptive means of collecting a debt.

## COUNT I

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Defendant violated *§1692d(5)* by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Defendant violated *§1692e* by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

   d. Defendant violated *§1692e(2)(A)* by the false representation of the character, amount, or legal status of a debt.

   e. Defendant violated *§1692e(5)* by threatening to take any action that cannot be legally taken or is not intended to be taken.

   f. Defendant violated *§1692f* by using any unfair or unconscionable means to collect or attempt to collect a debt.

   g. Defendant violated *§1692g(a)* by failing within five days of the initial communication with the consumer to send the consumer a written notice stating (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer

notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, VERNICE NEWTON respectfully requests judgment be entered against Defendant, for the following:

17. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, VERNICE NEWTON, requests a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ J. Daniel Scharville*

**J. DANIEL SCHARVILLE (0071132)**
dskall@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Cleveland, Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, VERNICE NEWTON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, VERNICE NEWTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____12-14-11_____          _____Vernice Newton_____
Date                                              VERNICE NEWTON